UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| NIARA BURTON a/k/a | : | CIVIL NO: 1:19-CV-01574 |
| HERMAN BURTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Chief Magistrate Judge Schwab) |
| | : | |
| SECRETARY JOHN WETZEL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

July 28, 2020

## I.    **Introduction.**

This is an action in which Niara a/k/a Herman Burton ("Burton") seeks declaratory, injunctive, compensatory, punitive, and monetary damages stemming from the sexual harassment, discrimination, and verbal and psychological abuse alleged by Burton to have been committed and/or allowed by the defendants. Litigation from the alleged sexual harassment and discrimination has been ongoing since September 11, 2019.

In this present matter, the eight defendants have filed a motion for a more definite statement under Rule 12(e) seeking basic details about the alleged sexual harassment, discrimination, and verbal and psychological abuse. Fed. R. Civ. P. 12(e).  Burton has filed a motion for preliminary injunction and temporary restraining order against the eight defendants.  We conclude that the defendants

should be provided with those basic details in an amended complaint, and thus we grant the motion for a more definite statement.  We further conclude that Burton is not entitled to a preliminary injunction nor a temporary restraining order, and thus we deny Burton's motion.

## II.      Background and Procedural History.

Burton, an inmate at the State Correctional Institution Muncy ("SCI Muncy"), began this action by filing a complaint against eight defendants on September 11, 2019.  The eight defendants are: (1) John Wetzel ("Wetzel"), Secretary of the Pennsylvania Department of Corrections; (2) David Radziewicz ("Radziewicz"), Coordinator of State Prison Rape Elimination Act ("PREA"); (3) Wendy Nicholas ("Nicholas"), Superintendent of SCI Muncy; (4) Deputy Frantz, Deputy at SCI Muncy; (5) Angel Baez Sprague, PREA Compliance Manager at SCI Muncy; (6) Lt. Sipe, Lieutenant at SCI Muncy; (7) Santana, Hearing Examiner at SCI Muncy; and (8) Corrections Officer Brelsford ("Brelsford"), Corrections Officer at SCI Muncy.  Burton brings claims against each defendant individually and in their official capacities.

Burton has been incarcerated since 2012. *Doc. 1* at 4.  She is confined under the name "Herman Burton," but she is a transgender woman and goes by Niara. *Id.* She was housed in nine different men's prisons, where she reported patterns of

sexual harassment and discrimination. *Id.*  In 2019, she was transferred to SCI Muncy, a female prison. *Id.*

Burton alleges that since her transfer to SCI Muncy, she has been subjected to sexual harassment, discrimination, and verbal and psychological abuse, all stemming from her transgender status. *Id.* at 4-5.  She also alleges that the defendants failed to prevent or otherwise subjected her to foreseeable sexual harassment and discrimination as retaliation for Burton's reports and grievances filed against her alleged abusers. *Id.*

In Burton's present motion, she seeks a preliminary injunction and a temporary restraining order. *Doc. 36* at 2.  She wants to be protected from retaliation in the form of discipline by the defendants and each defendant's officers, agents, employers and coworkers. *Id.*  She also wants a 17-foot restraining order against each of the eight defendants and each defendant's officers, agents, employers, and coworkers. *Id.* [1]

In the defendants' present motion, they seek a more definite statement from Burton. *Doc. 32* at 1.  Specifically, they seek information that links each defendant to the general allegations contained in Burton's complaint. *Doc. 34* at 4.

---

[1] Burton filed another motion for a preliminary injunction on 7/13/20, but we are not considering that motion in this order because it is not yet ripe.

### III.    Motion for More Definite Statement.

The defendants contend that Burton's complaint violates Fed. R. Civ. P. 8(a) because her complaint fails to set forth a short, plain statement of her claim. *Id.* They contend that Burton's complaint violates Fed. R. Civ. P. 10(b) because her complaint is not set forth in numbered paragraphs. *Id.*

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  The Rule requires that the motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.*

A motion for a more definite statement will generally be granted "'only if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading.'" *Synagro-WWT, Inc. v. Rush Township*, 204 F.Supp.2d 827, 849 (M.D. Pa. 2002) (quoting *SEC v. Saltzman*, 127 F.Supp.2d 660, 668 (E.D. Pa. 2000)).  "The United States Court of Appeals for the Third Circuit has, however, highlighted the usefulness of a motion for a more definite statement when a complaint does not disclose the facts underlying a plaintiff's

claim for relief such that the defendant cannot reasonably be expected to frame a proper, fact-specific defense." *Miller v. Atlantic Freight Systems, Inc.*, No. 1:11-CV-01954, 2013 WL 1308235 at *3 (M.D. Pa. Jan. 29, 2013), *report and recommendation adopted*, 2013 WL 1292907 (M.D. Pa. Mar. 28, 2013).  In that circumstance, "'the Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief.'" *Id.* (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006)).  "The decision to grant a motion for a more definite statement is committed to the discretion of the district court." *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 182 (M.D. Pa. 2008).  In civil rights cases, "*pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety." *Gary v. Pa. Dep't of Labor and Indus., et al.*, No. 1:13-CV-2540 (M.D. Pa. 2014), *report and recommendation adopted*, 2014 WL 2720805 (M.D. Pa. June 13, 2014).

In this case, the moving defendants contend that they are unable to file a responsive pleading due to the ambiguity and vagueness of Burton's complaint. *Doc. 34* at 4.  Specifically, they request that Burton file an amended complaint identifying specific allegations being brought against them. *Id.*  Burton's complaint cites very few specific examples of sexual harassment, discrimination, or verbal and psychological abuse and does not link the majority of the defendants to those

examples. *Id.*  Some specific allegations are made regarding Brelsford.  Burton

alleges that Brelsford said "I don't know what it is.  Just call it a male." *Doc. 1* at

12.  After reporting Brelsford's alleged comments in February 2019, Burton

alleges Brelsford illegally searched her cell as retaliation for the report. *Id.* at

12-13.  Other defendants, notably Wetzel and Radziewicz, however, are not linked

directly to the allegations listed in the complaint. *Id.*  And although Burton asserts

that she complained to Wetzel and Nicholas about the allegations, it is unclear

about which events she specifically complained.

Accordingly, for the foregoing reasons, we will grant the defendants' motion

for a more definite statement and require Burton to file an amended complaint

containing the details requested by the defendants, i.e., the specific instances of

sexual harassment, discrimination, and verbal and psychological abuse and each

defendant's direct role in every instance.

For Burton's benefit in filing an amended complaint, we note the following

standards regarding pleading personal involvement of the defendants.  Liability in

a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must

have been personally involved in the wrongful conduct.  Thus, respondeat superior

cannot form the basis of liability. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280,

290 (3d Cir. 2018).  In other words, "each Government official, his or her title

notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*,

556 U.S. 662, 677 (2009).  And so, a constitutional deprivation cannot be premised

merely on the fact that the defendant was a supervisor when the incidents set forth

in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104–05 (3d

Cir. 2008).  Rather, "[b]ecause vicarious liability is inapplicable to *Bivens* and

§ 1983 suits, a plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution." *Iqbal*,

556 U.S. at 676.

The Third Circuit has "recognized that 'there are two theories of supervisory

liability, one under which supervisors can be liable if they established and

maintained a policy, practice or custom which directly caused the constitutional

harm, and another under which they can be liable if they participated in violating

plaintiff's rights, directed others to violate them, or, as the persons in charge, had

knowledge of and acquiesced in their subordinates' violations.'" *Parkell v.

Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*,

629 F.3d 121, 129 n.5 (3d Cir. 2010)).

"Where a supervisor with authority over a subordinate knows that the

subordinate is violating someone's rights but fails to act to stop the subordinate

from doing so, the factfinder may usually infer that the supervisor 'acquiesced' in

(i.e., tacitly assented to or accepted) the subordinate's conduct." *Robinson v. City*

*of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir. 1997) (footnote omitted), *abrogated on other grounds*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

To set forth a claim for supervisory liability under the policy-and-practice strand of supervisory liability, a plaintiff must:

> (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

*Id.* at 227 (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)). "Put another way, the inmate must identify the supervisor's specific acts or omissions demonstrating the supervisor's deliberate indifference to the inmate's risk of injury and must establish a link between the supervisor, the act, and the injury." *Id.*

## IV.   Motion for a Preliminary Injunction and a Temporary Restraining Order.

Burton filed a motion for a preliminary injunction and a temporary restraining order because she wants protection from retaliation by the defendants and people associated with the defendants.

A motion for preliminary injunctive relief is governed by Rule 65 of the Federal Rules of Civil Procedure and is judged against exacting legal standards. "A preliminary injunction is not granted as a matter of right." *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982). Rather, "[p]reliminary injunctive relief is an 'extraordinary remedy.'" *Doe by & through Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). A motion for a preliminary injunction is properly granted only if such relief is the "only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "It has been well stated that upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).

"When evaluating a motion for preliminary injunctive relief, a court considers four factors: (1) has the moving party established a reasonable likelihood of success on the merits (which need not be more likely than not); (2) is the movant more likely than not to suffer irreparable harm in the absence of

preliminary relief; (3) does the balance of equities tip in its favor; and (4) is an injunction in the public interest?" *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) (citations omitted). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

The limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute. Specifically, preliminary injunctive relief in a civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). Also, in considering a motion for preliminary injunctive relief, the court must give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *Id.*

In sum, after consideration of the lack of specific allegations in Burton's complaint and the lack of evidence tying the majority of the defendants to Burton's general allegations, we conclude that Burton has failed to establish a reasonable probability of success on the merits of her constitutional claims. Accordingly, she

is not entitled to a preliminary injunction. *See Am. Exp. Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012) ("The moving party's failure to show a likelihood of success on the merits 'must necessarily result in the denial of a preliminary injunction.'") (quoting *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982)).

In addition to failing to establish a reasonable probability of success on the merits of her access claim, Burton has failed to establish irreparable injury.  To establish irreparable injury, "the moving party must establish that the harm is imminent and probable." *Stilp v. Contino*, 629 F. Supp. 2d 449, 466 (M.D. Pa. 2009).  "The mere risk of injury is not sufficient to meet this standard." *Id.*  And the burden of showing irreparable injury "is not an easy burden" to meet. *Moore v. Mann*, 3:CV-13-2771, 2014 WL 3893903, at *2 (M.D. Pa. Aug. 7, 2014).  Because Burton has failed to present evidence of any "imminent" harm, she has failed to meet the heavy burden of showing that she will be irreparably injured if the court does not issue the preliminary injunction that she is seeking.  For this reason also she is not entitled to a preliminary injunction.

## V.  Motion to Appoint Counsel.

On July 7, 2020, Burton filed a motion for the appointment of counsel.  For the following reasons, we will deny that motion.

"Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002). Yet 28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent an indigent litigant in a civil case.  While the court has broad discretion to request an attorney to represent an indigent civil litigant, *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), it may not require an unwilling attorney to accept an appointment in a civil case, *Mallard v. U.S. District Court*, 490 U.S. 296, 310 (1989).

"Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.'" *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016) (emphasis in original) (quoting *Smith–Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).  But "counsel should be appointed where an indigent plaintiff with a potentially meritorious claim is not fully able to prosecute his or her own case in light of the overall complexity of the case." *Shifflett v. Korszniak*, 934 F.3d 356, 367 (3d Cir. 2019).

The United States Court of Appeals for the Third Circuit has "outlined a two-step process" that the court should follow when deciding whether to ask an

attorney if he or she will accept the responsibility of representing a *pro se* plaintiff. *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019).  First, as a threshold inquiry, the court must consider whether the plaintiff's case has some arguable merit in fact and law. *Montgomery,* 294 F.3d at 498–99.  Second, if the plaintiff overcomes this threshold hurdle, the court should consider other factors including: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation; (4) the degree to which the case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his or her own behalf. *Parham v. Johnson,* 126 F.3d 454, 457 (3d Cir. 1997).  This list is not meant to be exhaustive. *Tabron,* 6 F.3d at 157; *see also Houser*, 927 F.3d at 700 ("We have always emphasized that the Tabron factors are only a guidepost for district courts in their exercise of the broad statutory discretion granted to them by Congress.  They are not exhaustive, nor are they each always essential.").  Rather, the court must determine on a case-by-case basis whether the appointment of counsel is warranted. *Tabron,* 6 F.3d at 158.

When considering motions for appointment of counsel, there are also practical considerations that a court must consider, such as the large number of prisoner civil rights cases; "the lack of funding to pay appointed counsel; and the

limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id*. at 157.  Because volunteer lawyer time is limited and extremely valuable, the court should not request counsel to accept an appointment indiscriminately. *Id.*  Thus, "[t]he scarcity of *pro bono* counsel is important, even if it is not among the delineated <u>Tabron</u> factors." *Houser*, 927 F.3d at 700.

Here, analysis of these factors leads us to conclude that counsel should not be appointed now.  We note that this case is in the early stages.

Burton states that she has a limited education, that she has limited access to the law library, and that her legal issues in this case are complex.  While we understand that Burton, as a *pro se* prisoner with limited education and skills doubtless faces some obstacles in this action, her filings thus far show that she understands English, is literate, and can communicate effectively.  She can present her own case.

Further, the legal issues in this case are not overly difficult or complex.  If the case proceeds past the early stages, Burton will have the opportunity to conduct discovery.  As in all cases, credibility may be an issue, but at this point, we cannot say that the case will be decided solely because of credibility.  Further, although credibility may be an important factor if this case proceeds to trial, credibility generally is not an issue during the pretrial phases of the case.  It is also unlikely

that expert testimony would be required in this case.  Finally, given that Burton is

proceeding *in forma pauperis,* we assume that she cannot obtain counsel on her

own.

Taking all these factors into consideration, we will deny Burton's motion to

appoint counsel at this time without prejudice to re-examining this issue as this

litigation progresses.


## VI. Conclusion.

**IT IS ORDERED** that the defendants' motion (*doc. 32*) for a more definite

statement is **GRANTED.**  Burton is ordered to file an amended complaint within

28 days.[2]  **IT IS FURTHER ORDERED** that Burton's motion (*doc. 36*) for a

---

[2] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a).  "The plaintiff is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*.  "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019).  "Thus, the most recently filed amended complaint becomes the operative pleading." *Id*.  In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3).  Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of

preliminary injunction and a temporary restraining order is **DENIED.  IT IS**

**FURTHER ORDERED** that Burton's motion (*doc. 46*) to appoint counsel is

**DENIED.**

**_S/Susan E. Schwab_**
Susan E. Schwab
Chief United States Magistrate Judge

---

circumstances." Fed. R. Civ. P. 10(b).  And to the extent it would promote clarity
to do so, "each claim founded on a separate transaction or occurrence . . . must be
stated in a separate count." *Id.*