UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NIARA BURTON a/k/a  HERMAN BURTON, | : | **1:19-CV-01574** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Chief Magistrate Judge Schwab) |
| | : | |
| SECRETARY JOHN WETZEL, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

# **MEMORANDUM OPINION**

## I. Introduction and Background.

On September 11, 2019, the plaintiff, Niara a/k/a Herman Burton, began this action by filing a complaint. The parties subsequently consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. After we granted the defendants' motion for a more definite statement, Burton filed an amended complaint on August 12, 2020.

At the time Burton filed the complaint and amended complaint, she was an inmate at the State Correctional Institution at Muncy ("SCI Muncy"). And her claims concern events and conditions at SCI Muncy. Recently, Burton has informed that court that she is no longer incarcerated at SCI Muncy. Rather, she is now incarcerated at the State Correctional Institution at Houtzdale.

Currently pending are two motions for preliminary injunctive relief filed by Burton.[1]  Those motions relate to events and conditions at SCI Muncy.  For the reasons discussed below, the motions for preliminary injunctive relief will be dismissed as moot.

## II.  Discussion.

Burton is seeking preliminary injunctive relief from events and conditions at SCI Muncy, but because she is no longer incarcerated at SCI Muncy, her motions for preliminary injunctive relief are moot.

Article III of the Constitution limits the judicial power of the United States to "cases" and "controversies." U.S. Constitution, art. III, § 2.  "This case-or-controversy limitation, in turn, is crucial in 'ensuring that the Federal Judiciary respects the proper—and properly limited—role of the courts in a democratic society.'" *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 539 (3d Cir. 2017) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)).  "And courts enforce it 'through the several justiciability doctrines that cluster about Article III,' including 'standing, ripeness, mootness, the political-question doctrine, and the

---

[1]  Also pending is the defendants' partial motion to dismiss the amended complaint. *See* doc. 70.  That motion, which has not yet been fully briefed, will be addressed by a separate order in due course after it has been fully briefed.

prohibition on advisory opinions.'" *Id.* (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009)).

This case involves mootness, which is "a doctrine that 'ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit,'" and which "is 'concerned with the court's ability to grant effective relief.'" *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (quoting *Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cir. 2016), and *Cty. of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001)). "[F]ederal courts may adjudicate only actual, ongoing cases or controversies," *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990), and "[i]t is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). "Federal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Lewis,* 494 U.S. at 477).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the

parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt,* 455 U.S. 478, 481 (1982)). In other words, "a case is moot if 'developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief.'" *Hamilton*, 862 F.3d at 335 (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)).

Once a prisoner who is complaining about her conditions of confinement is transferred from the prison about which she is complaining, the court cannot grant her meaningful prospective relief because she would not benefit from that relief. Thus, with limited exceptions not present here, her claims for injunctive relief are moot. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (stating that "[a]n inmate's transfer from the facility complained of generally moots the equitable and declaratory claims"); *Marshall v. Pa. Dep't of Corr.*, 499 F. App'x 131, 134 (3d Cir. 2012) (concluding that because Marshall "asked for an injunction that restrains SCI–Mahanoy officials from violating his civil rights, but he has now been transferred out from under their control[,] . . . the District Court was unable to fashion any form of meaningful relief against these defendants, and thus the motion for injunctive relief was moot").

Here, because Burton is no longer incarcerated at SCI Muncy, her motions for preliminary injunctive relief from conditions at SCI Muncy are moot.

### III. Conclusion.

Based on the foregoing, Burton's motions (*docs. 47*, *59*) for preliminary injunctive relief will be dismissed as moot. An appropriate order will issue.

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge
