UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NIARA BURTON a/k/a HERMAN BURTON, | : | **1:19-CV-01574** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| SECRETARY JOHN WETZEL, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

# **MEMORANDUM OPINION**

## **I. Introduction and Background.**

On September 11, 2019, the plaintiff, Niara a/k/a Herman Burton, began this action by filing a complaint. The parties later consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. After we granted the defendants' motion for a more definite statement, Burton filed an amended complaint on August 12, 2020.

At the time Burton filed the complaint and amended complaint, she was an inmate at the State Correctional Institution at Muncy ("SCI Muncy"). And her claims concern events and conditions at SCI Muncy. Burton has since been transferred from SCI Muncy, and she is currently incarcerated at the State Correctional Institution Houtzdale (SCI Houtzdale).

Currently pending is Burton's fifth motion for a temporary restraining order and preliminary injunction. *See doc. 86*. That motion has been briefed. *See docs. 88, 89, 90, 91, 92*. For the reasons discussed below, we will deny Burton's motion.

**II. Discussion.**

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. The standard for deciding motions for temporary restraining orders and motions for preliminary injunctions are generally the same. "The difference is that a TRO may be issued with little or no notice and may dissolve on its own accord." *Ameriprise Fin. Servs., Inc. v. Koenig*, No. CIV.A. 11-6140-NLH, 2012 WL 379940, at *4 (D.N.J. Feb. 6, 2012); Fed. R. Civ. P. 65(b) (providing that the court may issue a temporary restraining order "without written or oral notice to the adverse party" if certain conditions are met). Here, because the defendants have received notice of and have responded to Burton's motion, we will treat Burton's motion as a motion for a preliminary injunction.

A motion for a preliminary injunction is judged against exacting legal standards. Preliminary injunctive relief "is not granted as a matter of right." *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982). Rather, it "is an 'extraordinary remedy.'" *Doe by & through Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d

2

700, 708 (3d Cir. 2004)). A motion for such is properly granted only if such relief is the "only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "It has been well stated that upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).

"When evaluating a motion for preliminary injunctive relief, a court considers four factors: (1) has the moving party established a reasonable likelihood of success on the merits (which need not be more likely than not); (2) is the movant more likely than not to suffer irreparable harm in the absence of preliminary relief; (3) does the balance of equities tip in its favor; and (4) is an injunction in the public interest?" *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

In her motion for a preliminary injunction and in her brief, Burton contends that she is not receiving medical treatment at SCI Houtzdale for Hepatitis B. She

is seeking an order that the defendants provide her medical treatment.[1] The defendants contend that the court should deny Burton's motion as it concerns an issue that is not raised in Burton's amended complaint.

As the first two factors necessary for a preliminary injunction "suggest, there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (internal quotation marks omitted) (quoting *Little v. Jones,* 607 F.3d 1245, 1251 (10th Cir. 2010) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994)). Thus, it is inappropriate to grant a motion for a preliminary injunction when the relief requested in the motion is unrelated to the allegations in the complaint. *Id*. at 838; *see also Moneyham v. Ebbert*, 723 F. App'x 89, 92 (3d Cir. 2018) (holding that the District Court correctly denied a "requested injunction because it involved allegations unrelated to the complaint").

Here, Burton is seeking a preliminary injunction ordering that she be provided medical treatment at SCI Houtzdale for Hepatitis B. But the claims in Burton's amended complaint have nothing to do with treatment for Hepatitis B at SCI Houtzdale. Rather, the claims in Burton's amended complaint concern harassment against her at SCI Muncy because she is transgender and misconduct

---

[1] In the proposed order that Burton attached to her motion, she also mentions false misconducts and mail tampering. *See doc. 86-2* at 2. But in her brief in support, Burton only briefs the issue of medical treatment for her Hepatitis B. *See doc. 88*. Thus, that is the only issue properly before the court.

charges issued against her allegedly in retaliation for her reporting such harassment. In her reply brief, Burton asserts that she was raped while at SCI Muncy, and she suggests that this is how she contracted Hepatitis B. *See doc. 91* at 2. But she is seeking preliminary injunctive relief as to her medical care at SCI Houtzdale, and what is relevant in that regard, is the medical care that is being provided not the cause of her Hepatitis B. Moreover, Burton's amended complaint does not concern an alleged rape at SCI Muncy, but rather it concerns harassment because she is transgender and retaliatory misconduct charges.

The nature of the preliminary injunctive relief that Burton seeks has no nexus to the claims she raises in her amended complaint. Thus, Burton cannot show that she is entitled to a preliminary injunction in this case, and we will deny her motion for such.

The denial of this motion does not leave Burton without a remedy. As the defendants point out in their brief in opposition, Burton may file a new lawsuit relating to her medical care at SCI Houtzdale. *See doc. 90* at 5 ("Plaintiff should file a new lawsuit on these claims in order to proceed."). Since SCI Houtzdale is in the Western District of Pennsylvania, any such case should be filed in the United States District Court for the Western District of Pennsylvania.

Noting that this is Burton's fifth motion for a temporary restraining order or a preliminary injunction,[2] the defendants request that the court enjoin Burton from filing any further motions for temporary restraining orders or preliminary injunctions. *Doc. 90* at 6. The defendants have not, however, briefed the standards that would apply to such an injunction. Given that the defendants have not fully briefed the issue, we will not grant their request for such an injunction. Although we will not grant the defendants' request for an order enjoining Burton from filing further motions for preliminary injunctive relief, Burton is now on notice that it is improper to file a motion for a preliminary injunction in this case that does not relate to the claims in her amended complaint in this case.

### III. Conclusion.

Based on the foregoing, Burton's motion (*doc. 86*) for a preliminary injunction will be denied. An appropriate order will issue.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

[2] Burton's first motion for preliminary injunctive relief was deemed withdrawn because Burton failed to file a brief in support of that motion. *See docs. 18, 33*. Her second such motion was denied because she failed to show a reasonable likelihood of success on the merits or irreparable harm. *See docs. 36, 49*. Her third and fourth motions, which addressed events and conditions at SCI Muncy, were dismissed as moot after she was transferred from SCI Muncy. *See docs. 47, 59, 79*.